UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GARY LEE BEATTY,

*Defendant-Appellant.*

No. 02-4132

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-86)

Submitted: September 18, 2002

Decided: October 9, 2002

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Kimberly A. Moore, Assistant United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Gary Lee Beatty was convicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The court sentenced him to 105 months in prison. Beatty appeals, contending that he is entitled to a new trial based on a flawed supplemental jury instruction and that the evidence was insufficient to support his conviction. Finding no merit to his claims, we affirm.

Beatty argues that the district court confused the jury by using an erroneous example when it gave a supplemental jury instruction on constructive possession. However, the court instructed the jury to disregard the example and the jury is presumed to have followed the judge's curative instruction. *Greer v. Miller*, 483 U.S. 756, 768 n.8 (1987). Beatty also contends that the supplemental jury instruction was disjointed and the judge's remarks about the difficulty of defining constructive possession further confused the jury. In the context of the record as a whole, any error concerning the constructive possession instruction was not prejudicial because, as discussed below, we find that the record supported a finding that Beatty had actual possession of a firearm. *United States v. Ellis*, 121 F.3d 908, 923 (4th Cir. 1997); *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1406-07 (4th Cir. 1993).

We disagree with Beatty's contention that the evidence was insufficient to support his conviction. To support a § 922(g)(1) conviction, the government must prove that: (1) the defendant previously was convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed the firearm; and (3) the possession affected interstate commerce. *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). The parties stipulated to Beatty's prior felony conviction and the commerce element. Further-

more, the evidence was sufficient to show that Beatty had actual possession of a firearm.

A witness saw a man with a gun in a car and a few minutes later identified Beatty to police as that man. Although the witness was unable to identify Beatty in court, and there were minor inconsistencies between the witness's and a police officer's in-court description of Beatty on the night of the incident, the witness testified that he was certain that the man he identified the night of the incident (Beatty) was the same man he had seen with a gun minutes earlier. Viewing the evidence in the light most favorable to the government, we find the evidence sufficient to support Beatty's conviction.

For these reasons, we affirm Beatty's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*